Filed 5/13/13  De Sena v. Richert CA3CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Nevada)

----

| | |
|---|---|
| JO ANN M. DE SENA, | C070461 |
| Plaintiff and Appellant, | (Super. Ct. No. 77395) |
| v. | |
| JOSEPH  RICHERT, | |
| Defendant and Respondent. | |

Like spectators at a sporting event with a beach ball, some litigants manage to keep an action bouncing along in the air indefinitely.  This is an appeal from the denial of a motion for legal fees incurred in the course of confirming the ruling of a mediator acting as an arbitrator, involving a settlement reached in the course of mediation of an underlying action.  We shall affirm the trial court's order denying the legal fees.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying dispute between the parties, who are neighboring property owners, are irrelevant to this appeal. While there are hundreds of pages in the joint appendix (and its augmentation), the pertinent facts are few.

Plaintiff Jo Ann M. De Sena and defendant Joseph Richert executed a written draft settlement of the underlying action in the presence of a mediator.[1] Plaintiff's attorney prepared a formal settlement agreement, to which defendant raised repeated objections. Pursuant to the draft settlement, the mediator sat as an arbitrator over the dispute about the provisions of the proposed formal settlement.[2] In a January 2011 ruling,[3] the mediator concluded that the proposed formal settlement agreement conformed to the draft settlement, with the exception of a minor provision.[4] The ruling did not address legal fees other than to state "All claims for attorney fees and costs in this mediation, arbitration or action shall be made pursuant to noticed motion or as otherwise provided

---

[1] Although neither party discusses the point, the mediation confidentiality agreement provided that any settlement agreement resulting from the mediation was admissible evidence in any action to enforce its terms, and it is thus properly before us. (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1305.)

[2] The draft settlement provided, "Each side agrees that the mediator, sitting as a binding arbitrator, will decide all disputes related to the enforceability and interpretation of this agreement," no doubt premised on the mediator's presence and participation in connection with the settlement.

[3] In his opposition to the motion for legal fees, defendant included what he asserts was a December 2010 e-mail from the mediator declining to execute an award that plaintiff had submitted. As in the analogous context of an intended statement of decision (*In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 646, 647-648), this document does not have any relevance in light of the mediator's subsequent execution of this ruling.

[4] The formal settlement agreement apparently remains unexecuted. Plaintiff apparently has not compelled defendant to fulfill his duty of good faith and fair dealing to execute it. (Cf. *Elyaoudayan v. Hoffman* (2003) 104 Cal.App.4th 1421, 1431 [after agreeing orally to settlement before the court, party cannot refuse to sign written agreement conforming to it].)

2

by law." In March 2011, the parties jointly dismissed the underlying action with prejudice.

Plaintiff filed an amended petition to confirm the ruling as an arbitration award. On motion of plaintiff, the trial court issued an order confirming the award and entered judgment for plaintiff on October 5, 2011. Defendant filed a motion to vacate the judgment.

Meanwhile, plaintiff filed a memorandum of costs claiming legal fees pursuant to a noticed motion. In her motion, she contended entitlement to legal fees pursuant to Civil Code section 1717 and Code of Civil Procedure section 1293.2 as a prevailing party on a contract providing for the recovery of legal fees. Plaintiff's attorney asserted his reasonable hourly rate was $400; he designated $56,865.23 of his total bill of $151,520 as attributable costs of suit (without explaining the manner in which he derived that rather specific figure).

Plaintiff identified the contract as the settlement agreement. The draft settlement had provided "Each side [was] to bear their [*sic*] own attorney fees and costs of suit." It also provided, however, that "[*t*]*he arbitrator* may assess fees and costs to any party deemed to prevail on the *submitted issues* [related to the enforceability and interpretation of this agreement] in the sole judgment of the arbitrator." (Italics added.) The formal settlement agreement, in somewhat different language, also provided that "all parties herein agree that they . . . shall . . . be solely and exclusively responsible for their own costs and attorney's fees, whether arising from contract, tort, [or] statute or otherwise," except that in "all disputes related to the enforceability and interpretation of this agreement[,] [*t*]*he* [*a*]*rbitrator* may assess costs to any party deemed to prevail on the *submitted issues* in the sole judgment of the arbitrator." (Italics added.)

The trial court denied defendant's motion to vacate the judgment without elaboration. The trial court concluded that the provision for the award of legal fees in

3

any dispute over enforcement of the settlement agreement reserved that decision for the *arbitrator* to make in *arbitration proceedings*, and did not otherwise provide for legal fees generally in any *court* action to enforce an arbitration award or give a *court* the authority to award legal fees. It thus denied plaintiff an award of legal fees without prejudice to any application to the arbitrator for an award of fees. Plaintiff filed a timely notice of appeal.

## DISCUSSION

Focusing strictly on Code of Civil Procedure section 1293.2,[5] plaintiff asserts she is the prevailing party and therefore an award of her legal fees as costs is mandatory on the grant of her petition to confirm. That is true, however, only where an award of legal fees is *authorized by contract* within the meaning of section 1033.5 of this code. (*Marcus & Millichap Real Estate Investment Brokerage Co. v. Woodman Investment Group* (2005) 129 Cal.App.4th 508, 513 (*Marcus*); *Corona v. Amherst Partners* (2003) 107 Cal.App.4th 701, 707 (*Corona*); *Carole Ring & Associates v. Nicastro* (2001) 87 Cal.App.4th 253, 260 (*Carole Ring*).) The central question in this appeal, therefore, is whether the *scope* of the legal fee provision in the draft settlement *included* authorization for an award of legal fees in judicial proceedings enforcing the mediator's ruling in connection with the draft settlement. Plaintiff does not engage this question at all in her opening brief as anything other than a settled point. Defendant on his part simply asserts over and over that a contract did not even exist between the parties, ignoring both plaintiff's express reliance on the draft settlement (both in the trial court and on appeal) and the fundamental principle that settlement agreements *are contracts*. (*Canaan Taiwanese Christian Church v. All World Mission Ministries* (2012) 211 Cal.App.4th

---

[5] We therefore do not address Civil Code section 1717.

4

1115, 1123.) We are thus left to undertake our task of interpreting the provisions of the draft agreement de novo (*id.* at pp. 1123-1124) without any assistance from the parties.

Because defendant emphasizes the point, we note it is immaterial that the mediator did not identify a prevailing party or award legal fees. Even where an arbitrator omits the issue of legal fees incurred during arbitration proceedings or expressly refuses to award them—neither circumstance being subject to judicial review (*Corona*, *supra*, 107 Cal.App.4th at pp. 706-707; see *Carole Ring*, *supra*, 87 Cal.App.4th at p. 259, fn. 5)—it is for a trial court to decide independently whether a party is entitled under a contract to legal fees in a postarbitration judicial proceeding to enforce an award, assuming the arbitrator did not expressly construe the provision for legal fees to the contrary. (*Marcus*, *supra*, 129 Cal.App.4th at pp. 513-514, 516 [contractual provision for legal fees in *any* litigation, arbitration, or other legal proceeding arising between parties]; *Corona*, at p. 707 [the defendants conceded that contract authorized award]; *Carole Ring*, at pp. 256, fn. 2 [contractual provision for award of legal fees authorized in *any* action, proceeding, or arbitration arising out of agreement], 260-261.)

The intent reflected in the terms of the draft (and formal) settlement agreements was for the parties to bear their own costs and legal fees *except* in matters relating to the enforceability and interpretation[6] of the settlement agreement (undoubtedly as a way to avert any subsequent truculence about settling the dispute). This exception, however, is limited to issues of enforceability and interpretation *submitted to the mediator for binding arbitration*, as to which the mediator possesses sole discretion to award costs or legal fees. As the trial court correctly recognized, this is not the equivalent of the customary provision allowing for the award of legal fees in *any* action on a contract, such as in

---

[6] We assume these terms are intended to limit the mediator's involvement to the initial question of the existence of an enforceable agreement between the parties that reflects the terms of the settlement, rather than act as an ongoing monitor of performance.

5

*Marcus* or *Carole Ring*.  Plaintiff does not provide any authority that involves language equally limited as in the present case.  We therefore conclude the trial court was correct in denying an award of legal fees to plaintiff.

## DISPOSITION

The judgment is affirmed.


                BUTZ           , J.


We concur:


      BLEASE        , Acting P. J.


      NICHOLSON    , J.